Date Signed:
July 7, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re | Case No. 13-00229 |
|---|---|
| DOUGLAS BRUCE HIMMELFARB, | Chapter 11 |
| Debtor. | Re: Docket No. 203 |

### MEMORANDUM OF DECISION ON MOTION
### FOR ORDER OF CONTEMPT AND SANCTIONS

The debtor owns a painting which may or may not be a work by the late Mark Rothko. The value of the painting depends largely on whether it is in fact a Rothko.

In an effort to determine who created the painting, the debtor obtained an order under Fed. R. Bankr. P. 2004 directing Marion Kahan to produce documents and testify at a deposition. Ms. Kahan manages certain documents and artworks held by Mr. Rothko's children, including Christopher Rothko, and his estate.

The parties entered into a Stipulated Protective Order[1] which laid out procedures under which the parties could assert and challenge claims of

---

[1] Dkt. 97.

confidentiality. The parties agreed that "all information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case." The order allows each party to designate as confidential "any document or response to discovery which that party . . . considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure . . . or applicable state law." The order establishes procedures to resolve disputes about confidentiality. The order also provides that "Confidential Information shall not be disclosed to any person other than" certain categories of people, some of whom must sign a certification in which they agree to be bound by the Stipulated Protective Order.

Subsequently, Ms. Kahan produced documents and testified at a deposition. She designated virtually all of her production and testimony as confidential.

Ms. Kahan did this because she and the Rothkos do not want to be drawn into litigation. The debtor believes that the presence of certain materials in Ms. Kahan's files–particularly the negative of a photograph of the debtor's painting– implies that his painting is a Rothko. Ms. Kahan and the Rothko family do not wish to be dragged into any disputes about the debtor's painting and do not want to create any perception that they either support or oppose his claims. They understandably worry that, if they do or say anything that suggests they think the painting is or isn't

2

authentic, they might be sued.

The debtor objected to Ms. Kahan's confidentiality designation. Paragraph 8 of the Stipulated Protective Order provides that, if there is such an objection, the party who designated the material has twenty five days to seek a court order designating the material as confidential. On October 17, 2013, the debtor objected to Ms. Kahan's confidentiality designation.[2] On October 29, 2013, well within the twenty five day period and before Ms. Kahan filed her own motion, the debtor brought the matter before the court.[3]

After letter briefing, discovery conferences, and a motion for reconsideration by the debtor, I entered an Amended Discovery Order on January 9, 2014.[4] The order permits the debtor to show third parties prints made from the negative on the condition that the debtor simultaneously provide those parties a specified written disclaimer. The order spells out the exact terms of the disclaimer. The order further provides that "All other documents and testimony provided by Ms. Kahan or the Rothkos shall remain confidential."

On April 2, 2014, a Wall Street Journal reporter told Ms. Kahan that the reporter was preparing an article about the debtor's painting and had read Ms.

---

[2]Dkt. 220-13 at 5.

[3]*Id.* at 2.

[4]Dkt. 181.

3

U.S. Bankruptcy Court - Hawaii   #13-00229   Dkt # 272   Filed  07/07/14   Page 3 of 10

Kahan's deposition testimony.[5] The reporter's article appeared a few weeks later.

Ms. Kahan and Christopher Rothko filed a motion for a contempt citation and sanctions.[6] They argued that the debtor or his attorney must have given the reporter Ms. Kahan's deposition transcript, in violation of the court's orders. At the hearing on the motion, I directed the debtor to file a disclosure, under oath, of any disclosures which he or anyone acting for him had made of confidential materials, and I directed Ms. Kahan and Mr. Rothko to file additional materials in support of their claim for attorneys' fees.

The debtor filed a disclosure[7] in which he admitted that, "to the best of [his] knowledge," he gave *all* of the confidential materials to the Wall Street Journal reporter and also gave Ms. Kahan's deposition transcript to a reporter for BuzzFeed, an online news outlet. He also admitted, "to the best of [his] knowledge," that he gave some or all of the confidential materials to about two dozen other individuals after they signed an agreement to be bound by the Stipulated Protective Order.

The debtor has flagrantly violated the Stipulated Protective Order and the Amended Discovery Order. Under that order, he was free to disclose the photograph with the disclaimer, but he was forbidden from disclosing any of the other materials

---

[5]Dkt. 203-2 at 13-14.

[6]Dkt. 203.

[7]Dkt. 266.

4

U.S. Bankruptcy Court - Hawaii    #13-00229    Dkt # 272    Filed  07/07/14    Page 4 of 10

which Ms. Kahan designated as confidential.

It does not matter that some (but not all) of the people to whom he disclosed confidential information agreed to be bound by the Stipulated Protective Order. That order permits disclosure of confidential materials only to certain categories of people who agree to be bound by the order. It did not give the debtor carte blanche to give the materials to anyone who agreed to be bound. None of the people to whom the debtor gave the materials are in any of those categories.

The debtor makes several arguments in an attempt to avoid responsibility for his misconduct. Only one of these arguments is convincing.

    1.    The debtor argues that the movants failed to serve their motion upon him properly. The movants served the debtor's counsel but did not initially serve the debtor directly. The movants corrected this error[8] and the debtor has had ample time since then to respond to the motion. This objection is overruled.

    2.    The debtor objects to the request for a contempt citation and sanctions against his attorney. I agree; there is no evidence that the debtor's attorney violated an order. Therefore, I will deny the request for relief against counsel.

    3.    The debtor argues that the movants waived their confidentiality claim because the movants did not file a motion in court pursuant to paragraph 8 of

---

[8] Dkt. 225.

5

U.S. Bankruptcy Court - Hawaii   #13-00229   Dkt # 272   Filed  07/07/14   Page 5 of 10

the Stipulated Protective Order. The movants did not file such a motion but the debtor brought the dispute before the court before the twenty five day period expired. It would not make sense to require the movants to file a motion after the debtor had already presented the issue.

    4.    The debtor argues that his disclosure to the Wall Street Journal did not injure the movants because the article contains some of the language of the disclaimer. This arguments fails. The order specifically forbade the debtor from disclosing certain documents, with or without the disclaimer. When it comes to compliance with a court order, the saying "close enough for horseshoes" does not apply. Further, this argument cannot possibly excuse his disclosure to dozens of other people.

    5.    The debtor argues that his disclosure did not harm the movants because "the Movants' documents and depositions revealed/confirmed facts that Debtor believes support viable causes of action against one or both of them."[9] The debtor reasons that, if he could have disclosed the information in a complaint, he should be allowed to make the same disclosures to a newspaper reporter. This argument fails. First, the debtor does not describe his "viable causes of action" against the movants, and I cannot perceive any. Second, and more importantly, if the

---

[9] Dkt. 220 at 19.

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 272 Filed 07/07/14 Page 6 of 10

debtor filed a complaint, the movants or the debtor could move to have it sealed, and the movants would have the protections of rule 11 and similar doctrines. Nothing comparable applies to disclosures to journalists and others.

The debtor also filed a countermotion contending that the movants violated the Stipulated Protective Order because their confidentiality designations were overbroad and made in bad faith. I have already rejected these arguments for the reasons stated in the Amended Discovery Order and the debtor has not persuaded me that I was wrong.

There is no doubt that the debtor should be cited for civil contempt. He flagrantly and repeatedly violated the clear and definite terms of the Stipulated Protective Order and the Amended Discovery Order.[10] The evidence is uncontroverted, and therefore more than clear and convincing.[11]

There is also no doubt that the debtor knew about those orders and that his actions that violated the orders were intentional. Thus, his contempt was willful.[12]

The bankruptcy court has the power to sanction contempt by awarding compensatory damages (including reasonable attorneys' fees), sanctions designed to

---

[10] *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-85 (9th Cir. 1996) (bankruptcy courts have inherent power to impose sanctions for contempt and bad faith or vexatious litigation conduct).

[11] *Knupfer v. Dyer (In re Dyer)*, 322 F.3d 1178, 1190-91 (9th Cir. 2003).

[12] *Id.* at 1191.

coerce compliance, and "relatively mild" non-compensatory fines.[13] The Ninth Circuit has never set an exact threshold for "relatively mild" fines, but has hinted that a fine of $5,000, "at least in 1989 dollars," would not be "relatively mild."[14]

The debtor objects to the attorneys' fees requested by the movants on two grounds.

First, he objects to the request for attorneys' fees incurred in negotiating the Stipulated Protective Order and responding to the discovery requests, before he violated the orders. Ordinarily, I would accept such an argument but in this case I do not. I am convinced that the debtor never intended to comply with the orders restricting his use of the materials. He has spent years attempting to substantiate his fervent belief that his painting is a Rothko; he knows that his painting will be worth millions of dollars more if it is accepted as a Rothko; he thinks that Ms. Kahan's testimony and documents support his position and will make him rich; and he never intended to let a mere court order stand in his way. Therefore, I am convinced that the effort to negotiate the Stipulated Protective Order and produce information in accordance with it was, from the debtor's perspective, a charade and, from the movants' perspective, a complete waste. The debtor, and not the movants, should bear the expense.

---

[13]*Id.* at 1193.

[14]*F. J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 n.10 (9th Cir. 2001).

8

U.S. Bankruptcy Court - Hawaii    #13-00229    Dkt # 272    Filed  07/07/14    Page 8 of 10

Second, he objects to the hourly rate charged by the movants' counsel ($950), claiming that the fees should be based on the customary rate for Hawaii counsel. This argument ignores the facts that the movants are based in New York City, not Hawaii; the movants have no stake in this case and became involved only because the debtor chose to involve them; the subpoenas had to be served and the deposition conducted in New York City; and people, especially non-party witnesses, are entitled to counsel of their choice. (I also note that the number of hours charged by the movants' counsel is very reasonable, so the overall charge is relatively good value for the money.)

Therefore, I will award the movants reasonable attorneys' fees and costs in the amount of $68,063.18.

The request for a fine presents additional questions. As noted above, the bankruptcy court lacks power to impose anything more than a "relatively mild" punitive fine. But the court also has the power to impose sanctions that are designed to coerce future compliance.

Considering all of the circumstances, particularly the flagrancy of the debtor's violations, I will impose a fine of $9,000 for the debtor's violations to date. This amount is less than the $5,000 amount mentioned in *FJ Hanshaw Enterprises*, adjusted for inflation. I would probably impose a larger fine if I had the power to do so.

I will also require the debtor to file monthly reports, in writing and under

9

penalty of perjury, stating whether he (or anyone acting on his behalf) has disclosed during the month covered by the report any information designated by the movants as confidential and if so, what he has disclosed, to whom, and when. The first report will cover the month of June 2014 and will be due on July 15, 2014. Reports for subsequent months will be due by the tenth day of the following month. In order to encourage future compliance with the court's orders, I will require the debtor to pay, not later than seven days after the filing of each monthly report, a fine of $2,500 for each such disclosure during the immediately preceding month.

Counsel for the movants shall submit a proposed form of judgment consistent with this decision.

## END OF DECISION

U.S. Bankruptcy Court - Hawaii   #13-00229   Dkt # 272   Filed  07/07/14   Page 10 of 10