**Date Signed:**
**October 20, 2015**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| In re:<br><br>DOUGLAS BRUCE HIMMELFARB,<br><br>Debtor. | Case No. 13-00229<br>(Chapter 11)<br><br>Hearing:<br><br>Date: September 21, 2015<br>Time: 9:30 a.m.<br>Judge: Robert J. Faris<br>Relates to Docket No. 340 |
|---|---|

**FINDINGS OF FACT AND CONCLUSIONS OF LAW CONFIRMING PLAN OF REORGANIZATION DATED MARCH 23, 2015**

The hearing to consider confirmation (the “Confirmation Hearing”) of on the Debtor's Plan of Reorganization Dated March 23, 2015 (the “Plan”) was held on September 21, 2015 at 9:30 a.m., before the Honorable Robert J. Faris. Christopher J. Muzzi, Esq. appeared for the Debtor Douglas Bruce Himmelfarb (“Debtor” or “Proponent”). Terri Didion, Esq. appeared for the Office of the United States Trustee. Mark T. Shklov, Esq.

appeared on behalf of creditor John H. Paer. During the Confirmation Hearing, the Court approved the Plan.

Having considered all of the pleadings filed in support of confirmation, including the Plan, and based on the record in this case, the arguments and representations of counsel and the Declaration of Douglas B. Himmelfarb, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT AND CONLCUSIONS OF LAW**

1. Findings and Conclusions. This constitutes the Court's conclusions of law, and the findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). This Court has jurisdiction over the Debtor's Chapter 11 Case and the confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 2 of 9

157(b) and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed herein and in the related adversary proceeding, all orders entered, and all evidence and arguments made, proffered, adduced and/or presented (and not subsequently withdrawn) at the hearings held before the Court during the pendency of the Chapter 11 Case.

4. Solicitation and Notice. On June 16, 2015, the Court entered that certain Order Approving Disclosure Statement for Plan of Reorganization Dated March 23, 2015, and Balloting Procedures and Scheduling Deadlines; Exhibits A - C ("Disclosure Statement Order") that, among other things, (a) approved the Proponent's Disclosure Statement pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017 and approved the form and method of notice of the confirmation hearing ("Confirmation Hearing Notice"). The Disclosure Statement Order, among other things, approved the Debtor's Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 3 of 9

Bankruptcy Code, and set a deadline for service of the Confirmation Hearing Notice. On June 18, 2015, the Debtor served all creditors and parties in interest with the Confirmation Hearing Notice. Adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Disclosure Statement Order were timely provided in compliance with the Bankruptcy Rules, and provided due process to all parties in interest. The hearing to consider the Disclosure Statement to the Debtor's Plan was scheduled for September 21, 2015.

5. All parties required to be provided notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

6. Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, the Plan designates two (2) Classes of Claims and one Class of Equity Interest. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 4 of 9

the case may be, in each such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Equity Interest created under the Plan.

7. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim or Equity Interest in each respective class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(4) of the Bankruptcy Code.

8. Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan, together with the documents and agreements comprising or contemplated by the Plan, provide adequate and proper means for the implementation of the Plan as required by section 1123(a)(5) of the Bankruptcy Code. The Plan is funded by all of Debtor's personal property. The Plan therefore satisfies section 1123(a)(5) of the Bankruptcy Code.

9. Additional Plan Provisions (11 U.S.C. § 1123(b)). The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 5 of 9

Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

10. Proponent's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Except as otherwise provided or permitted by orders of the Court, the Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, thereby complying with section 1125 with respect to the Disclosure Statement and the Plan.

11. Plan is Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the record of the Chapter 11 Case, including the record of the hearing to approve the Debtor's Disclosure Statement, the record of the Confirmation Hearing, and other proceedings held in connection with the Chapter 11 Case. The Plan is based upon extensive, negotiations between and among the Proponent and other parties in interest. Moreover, the Plan accomplishes the goals of maximizing the Debtor's estate and equitable distribution of the Debtor's

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 6 of 9

assets. Accordingly, the Plan and has been filed in good faith and the Proponent has satisfied her obligations under section 1129(a)(3).

12. Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4)). All payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

13. Acceptance by Certain Classes (11 U.S.C. 1129(a)(8)). Class 2, the only impaired Class under the Plan, voted in the requisite amount and number to accept the Plan.

14. Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as applicable.

15. Feasibility (11 U.S.C. § 1129 (a)(11)). The Plan provides for payment of Allowed Claims over time from up to all of the Debtor's assets, as may be necessary to make the payments required by the Plan. Accordingly, based on all of the foregoing, the Plan is feasible and section 1129(a)(11) is satisfied.

U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 7 of 9

16. Payment of Fees (11 U.S.C. § 1129(a)(12)). As required pursuant to the Plan, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on the Effective Date, or as soon thereafter as is practicable, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

17. Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as such satisfying the requirements of section 1129(d) of the Bankruptcy Code.

18. Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

19. Good Faith. The Proponent and all of her respective attorneys and representatives, (i) have acted in good faith in negotiating, formulating and confirming the Plan, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby or incorporated therein and (b) take the actions authorized and directed or contemplated by the Plan.


U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 8 of 9

20. Entry of Confirmation Order. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF ORDER**

APPROVED AS TO FORM

/s/ Curtis B. Ching
CURTIS B. CHING
Assistant United States Trustee

/s/
Attorney for JOHN H. PAER

Submitted by:
Christopher J. Muzzi
1132 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Phone: (808) 531-0490; Fax: (808) 534-0202
Email: cmuzzi@hilaw.us
Attorney for Debtor
DOUGLAS B. HIMMELFARB

In re: Douglas Bruce Himmelfarb, Bk Case No. 13-00229 (Chapter 11)
FINDINGS OF FACT AND CONCLUSIONS CONFIRMING PLAN OF REORGANIZATION DATED MARCH 23, 2015

9

10044/7/85500
U.S. Bankruptcy Court - Hawaii #13-00229 Dkt # 410 Filed 10/20/15 Page 9 of 9